UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUSANA WALKER, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No. |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ARBOR MONTESSORI SCHOOL, INC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff Susana Walker ("Plaintiff" or "Ms. Walker") files this Complaint for Equitable Relief and Damages against the Arbor Montessori School, Inc. ("AMS") showing the Court as follows:

## Introduction

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff Walker's rights, and to make her whole. Ms. Walker seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits,

compensatory damages, punitive damages, and attorney's fees and costs of litigation.

2. Ms. Walker brings this action because under the ADA, she had an actual impairment, a record of actual impairment, or AMS regarded her as having an impairment for which she was terminated.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Arbor conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Ms. Walker filed a Charge of Discrimination and amended that charge with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

6. Ms. Walker received a Notice of Right to Sue from the EEOC relating to her charge of discrimination, charge number 410-2020-07462.

7. Ms. Walker brings this suit within ninety (90) days of the receipt of her Notice of Right to Sue.

## THE PARTIES

8. Ms. Walker is a citizen of the United States and a resident of the State of Georgia. Ms. Walker submits herself to the jurisdiction of this Court.

9. Ms. Walker is and, at all times relevant hereto, was an individual with a disability as the term is defined by 42 U.S.C. § 12102(1).

10. Ms. Walker is a person with a disability because she has profound sensorineural hearing impairment causing substantial limitations in one or more major life activities, because she has a record of impairment, and because Defendant regarded her as having an impairment.

11. Ms. Walker is capable of performing the essential functions of her job as a Spanish Teacher with reasonable accommodations.

12. Defendant AMS is a Domestic Non-Profit corporation organized and existing under the laws of Georgia and transacts business in the Northern District of Georgia.

13. AMS is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding

calendar year.

14. AMS is subject to the Court's jurisdiction and may be served with process through its registered agent for service of process, Pam Worsham, 2998 LaVista Road, Decatur, GA 30033.

## Statement of Facts

15. Ms. Walker began working for AMS in January 2010 as full-time Spanish Teacher.

16. Throughout her employment, Ms. Walker's performance was excellent, and her reviews reflect her excellent performance.

17. On November 25, 2019, Ms. Walker suffered a profound hearing loss of which AMS was aware.

18. Despite losing her hearing in fall 2019, Ms. Walker performed the essential functions of her position as an Upper Elementary and Adolescent Program Spanish Teacher throughout the 2019-2020 school year.

19. In the Spring of 2020, Ms. Walker requested accommodations including, but not limited to, requesting that AMS purchase technology that would assist her in teaching remotely, but the accommodations were rejected.

20. Nevertheless, Ms. Walker's teaching contract was renewed in May 2020 by Arbor for the upcoming 2020-2021 school year by Samantha Vejay, Head of School.

21. Ms. Walker accepted the contract as Spanish Teacher for the 2020-2021 school year.

22. On or about July 15, 2020, Ms. Vejay resigned as Head of School and was replaced by Myesha Green, Interim Head of School.

23. When it became clear that learning in the fall of 2020 would be a hybrid of remote and in person, Ms. Walker requested a meeting with Ms. Green on July 27, 2020 and renewed her requests for accommodation including requesting that she either be allowed to teach in person with a clear face shield or that the assistive technology she previously requested be purchased to assist her with teaching online.

24. Ms. Green said she would discuss the matter with Ms. Walker's supervisors, David Tyler and Alison Sherrill and get back to Ms. Walker.

25. On July 29, 2020, Ms. Green again met with Ms. Walker.

26. In the meeting, Ms. Green told Ms. Walker that she met with Ms. Sherrill and Mr. Tyler, and they had come to the conclusion that they needed a teacher "that could do the job."

27. Ms. Green also told Ms. Walker that it was not fair for AMS to pay Ms. Walker if she could not do the job.

28. Ms. Green terminated Ms. Walker on July 29, 2020.

29. After leaving the meeting, Ms. Walker followed up with Ms. Green to confirm that she had, in fact, been terminated and asked when her last day was so that she could apply for long-term disability.

30. Ms. Green told Ms. Walker that her last day was August 20, 2020.

31. On August 7, 2020, the School, in writing in long-term disability paperwork, notified UNUM that it had terminated Ms. Walker's employment effective August 20, 2020 and that it was unwilling to discuss accommodations so that Ms. Walker could return to work.

32. On August 10, 2020, Ms. Walker contacted Ms. Green and Business Manager Pam Worsham to inform them that she would be filing an EEOC charge based on her termination and reiterated to them the accommodations she requested that had been denied.

33. On August 12, 2020, only after informing them that she planned to file an EEOC charge did AMS then suggest that there was a misunderstanding and that they wanted to discuss reinstating Ms. Walker.

34. Unfortunately, at this point, Ms. Walker had already reached out the EEOC and had been informed by the EEOC that any settlement would have to go through the EEOC.

35. On August 17, 2020, Ms. Walker shared with AMS that if they wanted to resolve the matter or reinstate her employment that AMS needed to contact the EEOC.

36. On August 18, 2020, AMS terminated Ms. Walker for a second time, rather than contact the EEOC to negotiate Ms. Walker's reinstatement.

## COUNT I
### Violation of ADA – Regarded As Disabled

37. Ms. Walker incorporates by reference all the preceding paragraphs of the Complaint.

38. At all times relevant hereto, AMS has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

39. At all times relevant hereto, Ms. Walker was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(1)(C) because AMS regarded her as a person with an impairment as defined by the Act.

40. At all times relevant hereto, Ms. Walker has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of the job.

41. On July 29, 2020, Ms. Green met with Ms. Walker and terminated her employment stating that "they" had come to the conclusion that they needed a teacher "that could do the job."

42. Ms. Green also told Ms. Walker that it was not fair for AMS to pay Ms. Walker if she could not do the job.

43. AMS terminated Ms. Walker because it regarded her as disabled.

44. Defendant's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

45. As a direct and proximate result of Defendant's intentional discrimination, Ms. Walker has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, all in an amount to be established at trial.

46. The actions taken against Ms. Walker by AMS have caused her to suffer both monetary and non-monetary damages.

47. Pursuant to the ADA, Ms. Walker is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

48. Accordingly, Ms. Walker is entitled to the equitable and monetary relief

set forth in the following prayer for relief for Defendant's violation of her rights under the ADA.

## COUNT II
### Actual Discrimination and Failure to Accommodate in Violation of ADA

49. Ms. Walker incorporates by reference all the preceding paragraphs of the Complaint.

50. At all times relevant hereto, AMS has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

51. At all times relevant hereto, Ms. Walker was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

52. AMS was aware of Ms. Walker's disability and history and record of disability.

53. At all times relevant hereto, Ms. Walker has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of her job.

54. Ms. Walker's disability substantially limited one or more major life activities.

55. Ms. Walker requested accommodations from AMS relating to her disability.

56. AMS denied Ms. Walker's accommodation request and terminated her

employment because of her disability.

57. On July 29, 2020, Ms. Green met with Ms. Walker and terminated her employment stating that "they" had come to the conclusion that they needed a teacher "that could do the job."

58. Ms. Green also told Ms. Walker that it was not fair for AMS to pay Ms. Walker if she could not do the job.

59. Ms. Walker was replaced by a person who does not suffer from a disability.

60. Defendant's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

61. As a direct and proximate result of Defendant's intentional discrimination, Ms. Walker has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

62. The actions taken against Ms. Walker by Defendant have caused her to suffer both monetary and non-monetary damages.

63. Pursuant to the ADA, Ms. Walker is entitled to damages including,

back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

64. Accordingly, Ms. Walker is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under the ADA.

## COUNT III
## Retaliation in Violation of the ADA

65. Ms. Walker incorporates by reference all the preceding paragraphs of the Complaint.

66. At all times relevant hereto, AMS has been subject to the requirements of Title I of the ADA.

67. At all times relevant hereto, Mr. Walker was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

68. In Spring 2020 and again in July 2020, Ms. Walker engaged in protected activity under the ADA when she requested reasonable accommodations for her ADA-covered disability.

69. AMS refused to grant Ms. Walker's request for accommodation and terminated her employment in retaliation for requesting an accommodation in violation of the ADA.

70. Defendant's actions in retaliating against Ms. Walker following her requests for reasonable accommodation were committed with reckless disregard for her right to be free from retaliatory treatment in violation of the ADA.

71. The effect of Defendant's above-mentioned conduct has been to deprive Ms. Walker of equal employment opportunities and benefits due to her willingness engage in protected activity.

72. The actions taken against Ms. Walker by Defendant have caused her to suffer both monetary and non-monetary damages.

73. Pursuant to the ADA, Ms. Walker is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

74. Accordingly, Ms. Walker is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

(a) A declaration that Defendant has violated the rights of Plaintiff under

the federal statutes listed above;

(b) A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c) Judgment in her favor and against Defendant under all counts of this Complaint;

(d) Order Defendant to make Ms. Walker whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, taking into account all raises to which Ms. Walker would have been entitled, together with interest thereon, all in an amount to be proven at trial;

(e) Order that Ms. Walker be reinstated or, in the alternative, be awarded front pay;

(f) Grant to Ms. Walker compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(g) Grant to Ms. Walker punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its

conduct toward Ms. Walker and deter Defendant from similar conduct in the future for Defendant's willful and intentional violations of federal law;

(h)   Grant to Ms. Walker a jury trial on all issues so triable;

(i)   Grant to Ms. Walker her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(j)   Grant such additional monetary and equitable relief as the Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 4th day of May 2022.

**LEGARE, ATTWOOD & WOLFE, LLC**

**Cheryl B. Legare**
Georgia Bar No. 038553
cblegare@law-llc.com
Camille D. Jones
Georgia Bar No. 612930
cdjones@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: 470-823-4000
Facsimile: 470-201-1212

Counsel for Plaintiff